

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| ODIN DYLAN PAYNE,<br><br>Petitioner,<br><br>-vs-<br><br>RICARDO MARTINEZ,<br><br>Respondent. | CIV 05-4085<br><br>MEMORANDUM OPINION<br>AND ORDER |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Petitioner, Odin Payne, filed this action under 28 U.S.C. § 2241. Before the Respondent answered, the Court granted Petitioner's Motion for Leave to Amend and supplement Pleadings under Rule 15, which deleted pages 12 through 20 of the initial petition, and substituted pages 3 through 17 of his motion, Doc. 9. Respondent then filed an answer and Petitioner filed a reply to the answer. For the reasons set forth below, the petition will be denied.

## BACKGROUND

Petitioner is a federal prisoner incarcerated at the Federal Prison Camp ("FPC") in Yankton, South Dakota. Ricardo Martinez is the Warden of the FPC. In this action, Petitioner is challenging the loss of 33 days of good conduct time as a result of discipline imposed during his incarceration. The Bureau of Prisons ("BOP") has policies and procedures for the imposition of inmate discipline. The reporting BOP staff member completes an incident report, which is then sent to a Unit Disciplinary Committee ("Committee"). The Committee may impose minor forms of discipline. The Committee may also refer the incident report to a Discipline Hearing Officer ("DHO"), who is an independent hearing officer assigned to conduct administrative fact-finding hearings. A DHO must be trained and pass a certification test regarding the BOP's disciplinary policies and procedures.

Impartiality is required of a DHO considering a particular charge. A DHO may not be the reporting officer, investigating officer or Committee member, or a witness to the incident or play any significant part in having the disciplinary charges referred to the DHO. The DHO has the discretion to determine whether the inmate committed the charged violation or to substitute a lesser charge and may impose certain forms of discipline, including loss of good conduct time. With a few exceptions not relevant to this case, an inmate must receive written notice of the charge 24 hours before a DHO may conduct a hearing.

Discipline was imposed against Petitioner for two different incidents that occurred on August 4, 2004. The first incident occurred at 8:15 p.m. when Petitioner and several other inmates were in the horticulture room at the FPC. They were eating nachos and having a going-away party for one of the inmates. Senior Officer Specialist, Ann Seiner, questioned them about why they were in the horticulture room. According to Seiner's written report (Doc. 15-2, Ex. C):

> Inmate Payne ... took offense when I asked if he was going to help clean up the area. Inmate Payne refused to answer when I questioned him. He continued to eat and started to glare at me in a threatening manner. I asked inmate Payne directly, "Why are you in the Horticulture room eating. Are you going to help clean up or not?" Inmate Payne ignored me, continuing to eat. He then stated very derogatorily, "I don't know what I am going to do." His demeanor and attitude were both insolent and an attempt to intimidate this Officer.

*See Declaration of Thomas E. Lewno*, Doc. 15-2, Ex. C, Incident Report 1248149. He was charged with insolence towards a staff member. The Committee referred the charge to a DHO for resolution. DHO Thomas Lewno was assigned to hear this matter. After considering Petitioner's oral statement at the hearing, Officer Seiner's written Incident Report and Memorandum, Petitioner's written statements to the Committee and the DHO, the horticulture teacher's memorandum and Petitioner's inmate disciplinary record, the DHO found that Petitioner committed the prohibited act of insolence towards a staff member. (*Id.*, Disciplinary Hearing Officer Report.) The discipline imposed was a loss of 13 days of good conduct time and recreation restriction for 30 days. (*Id.*)

2

The second incident occurred 15 minutes later in Lieutenant S. Williams' office. After the incident in the horticulture room, Seiner directed Petitioner to accompany her to the lieutenant's office. Lieutenant Williams described the incident in his office as follows:

> At 8:15 p.m. on August 4, 2004, inmate Odin PAYNE ..., was given an order to perform work on the compound. Inmate Payne states "I don't think that I should have to do anything." Inmate Payne raised his hands, pointing them threateningly and then very loudly stated, "I know what is going on here. I am not going to do anything." Inmates Payne then stepped closer to the Lieutenants desk in an attempt to physically challenge this investigator. This inmates verbal challenges and threatening hand gestures were an attempt to intimidate this investigator. Inmate Payne was ordered to lower his hands and his voice. He was also ordered to sit in the visiting room lobby. Inmate Payne complied with these last orders and offered no further statements.

*See Declaration of Thomas E. Lewno*, Doc. 15-2, Ex. D, Incident Report 1248148. The Incident Report charged Petitioner with Threatening and Refusing an Order. The Committee referred the charges to a DHO. DHO Lewno was assigned to this matter. After considering Petitioner's oral statement at the hearing, Petitioner's written statements to the Committee and the DHO, Lieutenant Williams' written Incident Report and Memorandum, teacher Wiesler's Memorandum and Petitioner's inmate disciplinary record, the DHO found that Petitioner committed the prohibited act of conduct which disrupts, most like threatening another person with bodily harm. The prohibited act found by the DHO was of less severity than that charged in the Incident Report by Lieutenant Williams. The discipline imposed for this act was loss of 20 days of good conduct time.

Petitioner contends his constitutional right to due process under the Fifth Amendment was violated due to the following: (1) lack of an impartial factfinder; (2) failure to provide notice of the charged conduct; (3) insufficient evidence. He also contends he was retaliated against for exercising his First and Fifth Amendment rights to freedom of speech and to argue innocence of a charged violation.

## DISCUSSION

The Supreme Court held that "revocation of good time does not comport with 'the minimum requirements of procedural due process,' unless the findings of the prison disciplinary board are

3

supported by some evidence in the record." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445 (1985) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974)). In reviewing prison disciplinary decisions, the Court is not to examine the entire record to make an independent credibility determination or weigh the evidence. *See id.* at 455. Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56.

Petitioner claims that DHO Lewno was not an impartial decision maker. This is a frivolous claim. DHO Lewno was not involved in any of the events on August 4, 2004, between Petitioner and Officer Seiner or Lieutenant Williams. DHO Lewno was certified as a DHO officer and there is nothing in the record to show that DHO Lewno had any bias against Petitioner or in favor of either of the BOP staff members involved in the August 4, 2004 incidents. Moreover, that DHO Lewno reduced the charges against Petitioner does not support a claim that he was thereby rendered impartial.

Having reviewed the record of the disciplinary proceedings in this case, the Court concludes there is some evidence in the record to support the imposition of discipline against Petitioner for the two incidents on August 4, 2004. The incident reports quoted above provide some evidence that could support the conclusions reached by DHO Lewno. *See Goff v. Dailey*, 991 F.2d 1437, 1440 (8th Cir. 1993) (recognizing that, "'the sole and only issue of constitutional substance is whether there exists any evidence at all, that is, whether there is any basis in fact to support the action taken by the prison officials.'") (quoting *Willis v. Ciccone*, 506 F.2d 1011, 1018 (8th Cir. 1974)).

Petitioner contends that he did not receive the required 24-hour written notice of the charges regarding the second incident with Lieutenant Williams because the DHO changed the charges during the punishment phase of the DHO hearing. This claim is without merit. Petitioner was given written notice of all the charges involved in this case several days before the DHO hearing. The DHO *reduced* the severity level of the charges to coincide with the facts as found by the DHO. The regulations regarding the DHO proceedings allows the DHO to find that the inmate "[c]ommitted

4

the prohibited act charged and/or a similar prohibited act if reflected in the Incident Report." 28 CFR § 541.17(f)(1).

The retaliation claims in this case must fail. The Court found above that the discipline imposed was supported by some evidence and the Eighth Circuit held that, "if the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prisoner rules or regulations, then the prisoner's claims that the discipline was retaliatory in nature must fail." *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993) (citing *Oregaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990)). Accordingly,

IT IS ORDERED that Petitioner Odin Payne's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, Doc. 1, is denied.

Dated this ⟨6⟩ day of March, 2006

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Sharon Huru*
(SEAL)    DEPUTY

5